UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:22-cv-02337-PGB-LHP

KATHERINE RODRIGUEZ, individually and
on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

ALG VACATIONS CORP.,

Defendant.
_____/

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Katherine Rodriguez brings this class action against Defendant ALG Vacations Corp., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.  This is a putative class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2.  To promote its goods and services, Defendant engages in unsolicited text messaging to those who have not provided Defendant with their prior express written consent as required by the FTSA.

1

3. Defendant's unsolicited text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance and disturbance of their peace, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

4. Through this action, Plaintiff seeks an injunction and damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Orange County, Florida.

6. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of cellular telephone number that received Defendant's telephonic sales calls.

7. Defendant is, and at all times relevant hereto was, a foreign corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).

## JURISDICTION AND VENUE

8. This action is within the original jurisdiction of this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. Defendant caused at least 3,334 text messages

to be sent to at least 100 unique individuals in Florida. *See* Notice of Removal, [DE 1]. The FTSA provides for up to $1,500 per violative text message. Thus, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA the required diversity of citizenship under CAFA is satisfied because any member of a class of plaintiffs is a citizen of a state different from Defendant. 28 U.S.C. § 1332(d)(2)(A).

9. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising text messages into Florida. Specifically, Defendant initiated and directed the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in Florida. Plaintiff's telephone number has an area code that specifically coincides with locations in Florida, and Plaintiff received such messages while residing in and physically present in Florida.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

11. Over the past several months, Defendant sent telephonic sales call to Plaintiff's cellular telephone number, including the following on July 20, 2022, July 24, 2022, August 8, 2022, and August 16, 2022:



> 66489
>
> 🌊 🍹
> https://txts.ly/bSKY9d

Tue, Aug 2, 1:03 PM

> CheapCaribbean: Sizzling savings coming in HOT! Score up to 40% off your stay at AMR™ Collection Resorts, $300 instant savings and MORE.
> https://txts.ly/MaU1oe

Mon, Aug 8, 1:03 PM

> CheapCaribbean: Our happy place? ARUBA! Book by 8/25 and unlock up to $100 instant savings & receive 20% off your vacay. Let's flamin-go!
> https://txts.ly/X5qQne

Yesterday 2:05 PM

> CheapCaribbean: The MORE rooms you book, the MORE you SAVE 🤑 When you and your Woohoo Crew stay at RIU Hotels & Resorts, you can

5

> 66489 >
>
> CheapCaribbean. Our happy place? ARUBA! Book by 8/25 and unlock up to $100 instant savings & receive 20% off your vacay. Let's flamin-go!
> https://txts.ly/X5qQne
>
> Tue, Aug 16, 2:05 PM
>
> CheapCaribbean: The MORE rooms you book, the MORE you SAVE 🤑 When you and your Woohoo Crew stay at RIU Hotels & Resorts, you can unlock 🔒 up to $300 when you book four rooms for a 4-night stay!
> 🍍 Book 1 room and get $75 off
> 🍍 Book 2 rooms and get $150 off
> 🍍 Book 3 rooms and get $225 off
> 🍍 Book 4 rooms and get $300 off
> Offer ends September 30! Get your promo code TODAY:
> https://txts.ly/R4W5ve

12. As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services.

13. Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

14. Plaintiff utilizes her cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line.

15. Plaintiff was in Florida when she received the above text message call, and Defendant's violative conduct occurred in substantial part in Florida.

16. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

17. To transmit the above telephonic sales text message call, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

18. The number used by Defendant to transmit the subject text message solicitations (66489) is known as a "short code." Short codes are short digit sequences, shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

19. Text messages using a short code can only be sent using automated computer software, and cannot be sent using a standard telephone.

20. The impersonal and generic nature of Defendant's text message and the fact that it originated from a short-code demonstrates that Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers. In fact, on its website, Defendant conceals from consumers through small font disclosures in light gray font that it will text message them utilizing "automated recurring marketing messages…" *See* www.cheapcaribbean.com.

7

21. To send the text messages, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit blasts of text messages automatically and without any human involvement. The Platform automatically made a series of calls to Plaintiff's and the Class members' stored telephone numbers with no human involvement after the series of calls were initiated utilizing the Platform.

22. Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

23. Defendant would be able to conduct its business operations without sending automated text messages to consumers.

24. Defendant would be able to send automated text messages to consumers, and in compliance with the FTSA, by securing the proper consent from consumers prior to sending text messages.

25. Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

26. Accordingly, it is not impossible for Defendant to comply with the FTSA in the context of transmitting text messages.

27. The burden and cost to Defendant of securing consent from consumers that complies with the FTSA is nominal.

28. Compliance with the FTSA will not result in Defendant having to cease its business operations.

29. Compliance with the FTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

30. Compliance with the FTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

31. Because a substantial part of Defendant's FTSA violations occurred in Florida, requiring Defendant's compliance with the FTSA will not have the practical effect of regulating commerce occurring wholly outside of Florida.

32. The Platform has the capacity to select and dial numbers automatically from a list of numbers, which was in fact utilized by Defendant.

33. The Platform has the capacity to schedule the time and date for future transmission of text messages, which was in fact utilized by Defendant.

34. The Platform also has an auto-reply function that results in the automatic transmission of text messages.

35. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection and dialing of telephone numbers.

36. More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of a telephonic sales call by text message using an automated system for the selection and dialing of telephone numbers.

37. Since July 1, 2021, Defendant sent at least 3,334 text message solicitations to at least 100 consumers in Florida.

38. Defendant's unsolicited text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance and disturbance of their peace, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ALLEGATIONS

### PROPOSED CLASS

39. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent is defined as:

> **All persons in Florida who, (1) were sent a text message regarding Defendant's property, goods, and/or services, (2) using the same equipment or type of equipment utilized to text message Plaintiff, (3) from July 1, 2021 through the date of class certification**.

40. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

41. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to at least 100 consumers in Florida. The members of

the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

42. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

43. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   (a) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

   (b) Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls; and

   (c) Whether Defendant is liable for damages, and the amount of such damages.

44. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

47. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

46. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

47. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

48. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual

actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF FLA. STAT. § 501.059
**(On Behalf of Plaintiff and the Class)**

49. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

50. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

51. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

52. "Prior express written consent" means an agreement in writing that:

1. Bears the signature of the called party;

2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when

13

       a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

    a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

    b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

53. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

54. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

55. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

56. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a

minimum of $500.00 in liquidated damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

57. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of actual liquidated damages of $500 per text message to Plaintiff and each member of the Class as applicable under the FTSA;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: February 7, 2023

        Respectfully submitted,

        **HIRALDO P.A.**

        */s/ Manuel S. Hiraldo*
        Manuel S. Hiraldo, Esq.
        Florida Bar No. 030380
        401 E. Las Olas Boulevard
        Suite 1400
        Ft. Lauderdale, Florida 33301
        Email: mhiraldo@hiraldolaw.com
        Telephone: 954.400.4713

        **THE LAW OFFICES OF JIBRAEL S. HINDI**
        Jibrael S. Hindi, Esq.
        Florida Bar No. 118259
        110 SE 6th Street
        Suite 1744
        Ft. Lauderdale, Florida 33301